IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ndabezinhle Ncozana,

    Petitioner

v.

Kristjen Neilsen,
    Secretary Of State,

    Respondent

CASE NO. 4:19 CV 508

JUDGE JEFFREY J. HELMICK

**MEMORANDUM OPINION AND ORDER**

*Pro se* petitioner Ndabezinhle Ncozana has filed a petition for writ of habeas corpus, alleging he has been in Immigration and Customs Enforcement detention for more than twenty months in violation of his due process rights. (Doc. 1.) I construe this action as a petition for habeas corpus relief under 28 U.S.C. § 2241.

Petitioner did not pay the required filing fee or move to proceed *in forma pauperis*. Consequently, on April 30, 2019, Magistrate Judge Burke issued an order requiring petitioner to either pay the filing fee or complete and file a financial application to proceed *in forma pauperis*. (Doc. 4.) The order stated that petitioner was required to comply with its terms within thirty days from the date it was issued or he would have to pay the full filing fee if he wished to proceed with the case. (*Id.*) The court's docket indicates that a copy of the deficiency order was mailed to petitioner at his address of record on that same day.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes courts to dismiss a case for failure to prosecute or to comply with a court order as a tool to effectively manage their docket. Fed.

R. Civ. P. 41(b); *see also Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999) (citation omitted). Courts consider four factors when determining whether a case is subject to dismissal for failure to prosecute: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Knoll,* 176 F.3d at 363).

First, I find that petitioner's failure to comply with the deficiency order was due to his willfulness and fault because he failed to pay the court's filing fee or file a motion to proceed *in forma pauperis.* Second, respondent has not been prejudiced by petitioner's failure to pay the filing fee. As to the third factor, the deficiency order warned petitioner that failure to comply may result in dismissal of this action. Finally, I conclude that an alternate sanction would not be effective because petitioner already has failed to fulfill his obligation to prosecute this case and ignored the deficiency order. After balancing these factors, I exercise my discretion to dismiss this action without prejudice pursuant to Rule 41(b). *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) (affirming district court's dismissal without prejudice for want of prosecution where *pro se* plaintiff was ordered to pay filing fee and warned that failure to comply may result in dismissal, but order was returned to the court bearing the notation "Paroled" and plaintiff failed to apprise the court of his current address).

Accordingly, this action is dismissed without prejudice. I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: December 30, 2019

*s/ Jeffrey J. Helmick*
Jeffrey J. Helmick
UNITED STATES DISTRICT JUDGE